

FILED

01 JUL 18 PM 3:22

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES CRAZE, | ) | CASE NO. 1:01 CV 1553 |
| | ) | |
| Plaintiff, | ) | JUDGE O'MALLEY |
| | ) | |
| v. | ) | **FIRST AMENDED ANSWER AND** |
| | ) | **COUNTERCLAIM FOR** |
| DAVID GIBBS, JR., *et al.*, | ) | **DECLARATORY JUDGMENT OF** |
| | ) | **DAVID GIBBS, JR.** |
| Defendants. | ) | |

### ANSWER

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Defendant David Gibbs, Jr. ("Gibbs"), for his First Amended Answer to the Complaint of Plaintiff Charles Craze ("Craze"), states and avers as follows:

1) Gibbs denies the allegations contained in paragraph 1 of the Complaint.

2) Gibbs denies the allegations contained in paragraph 2 of the Complaint.

3) Gibbs denies the allegations contained in paragraph 3 of the Complaint.

4) Gibbs denies the allegations contained in paragraph 4 of the Complaint.

5) Gibbs denies the allegations contained in paragraph 5 of the Complaint.

6) Gibbs denies the allegations contained in paragraph 6 of the Complaint.

First Affirmative Defense

7) The Complaint should be dismissed for failure to state a claim upon which relief may be granted in that Exhibit B to the Complaint establishes that material terms of the alleged oral agreement between the parties remained open to negotiation and agreement.

Second Affirmative Defense

8) Craze's claim is barred pursuant to the doctrines of waiver and estoppel in that Craze proposed and sought to negotiate an agreement with Gibbs after March 1, 2001, that was materially different from the oral agreement alleged in the Complaint.

Third Affirmative Defense

9) Craze's claim is barred pursuant to the Ohio statute of frauds in that material terms of the alleged oral agreement between the parties were not to be fully performed within one year from the making thereof.

Fourth Affirmative Defense

10) Craze's claim is barred for want or failure of consideration in that Craze has breached and repudiated material terms of the alleged oral agreement between the parties.

Fifth Affirmative Defense

11) Gibbs denies that the alleged oral agreement was entered into by the parties; however, to the extent the Court or a jury should find that the alleged oral agreement was entered by the parties, enforcement of such agreement is barred under the doctrine of mistake.

WHEREFORE, Gibbs prays that the Complaint be dismissed, that judgment be entered in favor of Gibbs and against Craze, and that Gibbs be awarded his costs and attorney's fees herein.

## COUNTERCLAIM

Pursuant to Rule 57 of the Federal Rules of Civil Procedure and section 2201 of title 28 of the United States Code, Defendant David Gibbs, Jr. ("Gibbs"), for his Counterclaim against Plaintiff Charles Craze ("Craze"), states and avers as follows:

1) This Court has subject matter jurisdiction with respect to this Counterclaim pursuant to 28 U.S.C. § 1332 in the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs, and is between citizens of different states.

2) Venue is proper with respect to this Counterclaim pursuant to 28 U.S.C. § 1391 in that a substantial part of the events giving rise to Craze's claim are alleged to have occurred in this judicial district.

3) Craze alleges and contends that, on or about March 1, 2001, he and Gibbs entered into an agreement to compromise and settle certain disputes, the terms of which Craze alleges are memorialized in Exhibits B and C to the Complaint filed by Craze in this action.

4) Gibbs denies that he entered into the agreement alleged by Craze.

5) After March 1, 2001, counsel for Craze proposed and sought to negotiate various other terms of settlement that varied substantially and materially from the terms that Craze alleges were agreed to by the parties on March 1, 2001.

6) On May 18, 2001, counsel for Craze transmitted by facsimile and ordinary mail to Gibbs' attorney the letter attached hereto as Exhibit 1 and incorporated herein by reference.

7) The letter attached hereto as Exhibit 1 purports to memorialize the terms of a settlement agreement that are substantially and materially different from the terms that Craze alleges were agreed to by the parties on or about March 1, 2001.

8) The settlement memorialized in Exhibit 1 was rejected by Gibbs.

9) There exists an actual controversy between the parties with respect to the existence of the agreement that Craze alleges was entered into by Gibbs and Craze on or about March 1, 2001.

10) Gibbs is entitled to a declaration by this Court pursuant to 28 U.S.C. § 2201 that no agreement has been entered into by the parties in settlement of any disputes between Gibbs and Craze.

WHEREFORE, Gibbs prays that the Court enter judgment declaring that no agreement has been entered into by the parties in settlement of any disputes between Gibbs and Craze, that judgment otherwise be entered in favor of Gibbs and against Craze, and that Gibbs be awarded his costs and attorney's fees herein

Respectfully submitted,

OF COUNSEL:

BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP

_____
Stephen D. Williger (0014342)
Mark A. Phillips (0047347)
2300 BP Tower, 200 Public Square
Cleveland, Ohio 44114-2378
(216) 363-4500 (telephone)
(216) 363-4588 (facsimile)
swilliger@bfca.com

Attorneys for David Gibbs, Jr.

4


## CERTIFICATE OF SERVICE

A copy of the foregoing was sent by regular U.S. mail, postage prepaid, this 18th day of July, 2001, to Jason C. Blackford, Weston Hurd Fallon Paisley & Howley, LLP, 2500 Terminal Tower, 50 Public Square, Cleveland, Ohio 44113-2241, and to Kevin M. Young, Brzytwa, Quick & McCrystal, LLC, 900 Skylight Office Tower, 1600 West 2nd Street, Cleveland, Ohio 44113-1411.

_____
Mark A. Phillips




# WESTON HURD
## FALLON PAISLEY & HOWLEY L.L.P.
### COUNSELLORS AT LAW

## FACSIMILE COVER SHEET
## URGENT!
### Deliver Upon Receipt To:

| NAME: | MARK A. PHILLIPS, ESQ. |
|---|---|
| FIRM: | BENESCH, FRIEDLANDER |
| CITY: | CLEVELAND, OH |
| FACSIMILE PHONE NUMBER: | 216/363-4588 |
| MAIN PHONE NUMBER: | 216/363-4153 |

SENDER: JASON C. BLACKFORD    EXTENSION: 3281

DATE: May 18, 2001    TIME:

OUR FILE NUMBER:    23274    JOB NUMBER: 175

TOTAL NUMBER OF PAGES INCLUDING COVER SHEET: 4

[x] THE ORIGINAL OF THE TRANSMITTED DOCUMENT WILL BE SENT BY ORDINARY MAIL
[ ] THIS WILL BE THE ONLY FORM OF DELIVERY OF THE TRANSMITTED DOCUMENT

COMMENTS: PLEASE SEE ATTACHED.    Jason Blackford.

The information contained in this facsimile message is confidential and intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited and will be considered as a tortious interference in our confidential business relationships. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you.

J:\JCB\CLIENT.DIR\CRAZE\PHILLIPS.FAX
WH/OPF/026/97/FS






# WESTON HURD
## FALLON PAISLEY & HOWLEY L.L.P.
### COUNSELLORS AT LAW

2500 TERMINAL TOWER · 50 PUBLIC SQUARE · CLEVELAND, OH 44113-2241
216.241.6602 – FAX 216.621.8369

WWW.WESTONHURD.COM

Jason C. Blackford
216.687.3281
JBlackford@westonhurd.com

May 18, 2001

## VIA FACSIMILE NO. 216/363-4588 AND REGULAR U.S. MAIL

Mark A. Phillips, Esq.
Benesch, Friedlander, Coplan & Aronoff, LLP
2300 BP Tower
200 Public Square
Cleveland, OH 44114-2378

RE:  **Charles Craze and David Gibbs, Jr., et al.**

Dear Mr. Phillips:

To effectuate the settlement between our clients, I have memorialized the following terms:

1. David Gibbs, Jr. or his designee will purchase Charles Craze's interest in Gibbs & Craze, L.P.A. (Ohio) for the sum of Two Hundred Thousand Dollars ($200,000.00) to be paid by wire transfer on or before May 24, 2001, 3:00 p.m., Cleveland time.

2. Charles Craze shall deliver to David Gibbs, Jr. or his designee an executed Assignment separate from the Certificate of his interest in Gibbs & Craze, L.P.A. (Ohio) on or before May 24, 2001, 3:00 p.m. Cleveland time.

3. Charles Craze and the Gibbs Law Firm P.C. (Florida) (formerly known as Gibbs & Craze P.C.) will execute an agreement providing that:

MEMBER FIRM OF MACINTYRE STRATER INTERNATIONAL, LTD. (MSI), A WORLDWIDE ASSOCIATION OF INDEPENDENT PROFESSIONAL FIRMS.

Mark A. Phillips, Esq.
May 18, 2001
Page 2

a. Pursuant to the applicable ethical rules, Charles Craze and the Gibbs Law Firm P.C. have jointly asked that law firm's primary client, Christian Law Association ("CLA"), for a decision as to which attorney that organization wishes to have represent it for the rest of the year 2001;

b. CLA has selected the Gibbs Law Firm for continued legal representation in the year 2001;

c. Charles Craze agrees that, for the balance of the year 2001, he will not seek to solicit CLA as a client and will not seek to interfere with the contractual relationship between the Gibbs Law Firm P.C. (Florida) and CLA;

d. Charles Craze will cooperate in the return of any and all firm files of the Gibbs Law Firm P.C. with respect to the California operation;

e. Charles Craze agrees to maintain the confidential information and trade secrets of the Gibbs Law Firm P.C.;

f. Charles Craze, the Gibbs Law Firm P.C., David Gibbs, Jr. and David Gibbs, III agree not to disparage any of the others;

g. Charles Craze shall release any and all claims he may have against David Gibbs, Jr., David Gibbs, III, and the Gibbs Law Firm P.C.;

h. David Gibbs, Jr., David Gibbs, III, and the Gibbs Law Firm P.C. agree to release any and all claims they may have against Charles Craze;

i. The Gibbs Law Firm P.C. shall pay to Charles Craze the sum of Five Hundred Fifty Thousand Dollars ($550,000.00) to be paid by wire transfer by May 24, 2001, 3:00 p.m. Cleveland time; and

j. This Agreement shall be executed by May 24, 2001.

Mark A. Phillips, Esq.
May 18, 2001
Page 3

4. Gibbs & Craze L.P.A. (Ohio) or the Gibbs Law Firm P.C. shall provide to Charles Craze physical possession of and title to an automobile similar to that currently being driven by Mr. Craze. This vehicle shall be lien free. This vehicle shall be made available to Mr. Craze at a site and time to be mutually agreed to by the parties.

5. By May 24, 2001, 3:00 p.m. Cleveland time, there shall be delivered to Jason C. Blackford, counsel for Charles Craze, the life insurance assignment and beneficiary designation related to certain policies on the life of Charles Craze.

6. Gibbs & Craze L.P.A. (Ohio), David Gibbs, Jr. and Charles Craze shall execute mutual releases of any and all claims they may have against each other.

I believe that this covers all of the key points. I would request that I receive in writing either a signed copy of this letter agreement, which I am enclosing, or a separate letter agreeing to this settlement.

Very truly yours,

Jason C. Blackford

JCB/lw
Enclosure
J:\JCB\CLIENT.DIR\CRAZE\LETTERS\2001\PHILLIPS.518