**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Charles Craze,** ) | Case No: 1:01CV1553 |
| ) | |
| **Plaintiff,** ) | |
| ) | Judge: O'Malley |
| v. ) | |
| ) | |
| **David Gibbs, Jr, et al.,** ) | |
| ) | **MOTION TO DISQUALIFY** |
| **Defendants.** ) | **COUNSEL FOR DEFENDANT** |
| ) | **DAVID GIBBS, JR.** |
| ) | |

**I.  PREFACE**

At the heart of this matter is a dispute as to the existence of, and essential terms of, a settlement agreement. Plaintiff maintains that a settlement was negotiated and agreed upon between attorneys Jason Blackford and Mark Phillips. Because the settlement agreement is in dispute, and the counsel who entered into the settlement, including David Gibbs, Jr.'s counsel, are material witnesses in this dispute, Mark Phillips and his firm are prohibited from representation of David Gibbs, Jr. in this action.

Therefore, for the reasons and authorities explained below, this Defendant's counsel must be disqualified, and Defendant David Gibbs, Jr. should be afforded an opportunity to retain new counsel or represent himself *pro se*.

**II.  FACTS**

Plaintiff's previous counsel, Jason Blackford, negotiated a buyout of Charlie Craze's 40% interest in the Gibbs & Craze law firm. (First Amended Complaint at ¶¶ 27-30.) He negotiated this settlement with Mark Phillips, an attorney who represented all Defendants at the time the settlement was negotiated and agreed upon, as to its essential terms. (*Id.* at ¶¶ 30-32), and exhibits thereto. Defendants deny all of Plaintiff's allegations regarding the negotiation and existence of this settlement agreement. (*See* Answer to First Amended Complaint at ¶¶ 25-34.)

Plaintiff has now retained new counsel, and is seeking to enforce the settlement agreement Mr. Blackford negotiated. However, Mr. Phillips has appeared to represent Defendant David Gibbs, Jr. in this matter, in direct violation of the Ohio Disciplinary Rules[1] governing the testimony of attorneys as witnesses and directly contrary to the case law applying those rules. Therefore, Mr. Phillips, and his law firm, must be disqualified from this action.

**II.     LAW AND ARGUMENT**

Courts have uniformly shared the legal profession's disapproval of the dual role of advocate-witness. *155 North High, Ltd. v. Cincinnati Insurance Company,* (1995) 72 Ohio St. 3d 423, 427; *see also, United States v. Birdman* (CA3 1979) 602 F.2d 547, 553; *See also, Annotation* (1985) 35 ALR 4th 810. Ohio law expressly prohibits an attorney from serving as both counsel and witness in the same case. The Disciplinary Rules of the Code of Professional Responsibility, which govern attorney conduct in Ohio[2] specifically addresses both situations where an attorney believes he should offer testimony

---

[1] The Ohio Disciplinary Rules apply to this action, even though it has been removed to federal court. Loc.R. 83.7(a); *see also Kovacevich v. Kent State Univ.*, 224 F.3d 806, 833 (6th Cir. 2000); *Kahle v. Oppenheimer & Co.*, 748 F.2d 337 (6th Cir. 1984).

[2] Gov. Bar IV(1).

-2-

on behalf of his client, and the situation where it becomes apparent that opposing counsel may call him to testify, in a manner prejudicial to his client.

DR5-102(A) provides:

> If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR5-101(B)(1)-(4).

DR5-102(B) provides:

> If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client.

The first situation, where an attorney ought to be called on behalf of his client, is governed by DR5-102(A). This provision, unlike other sections of the Code of Professional Responsibility, makes no provision for client waiver of its application. This is so because the rule against the lawyer serving in the dual role of witness and advocate is designed to protect three distinct interests: those of the client, those of the adverse party and that of insuring the institutional integrity of the legal system as a whole. *155 North High, Ltd., supra,* at 427; *see also, 6 Wigmore on Evidence (Chadbourn Rev.Ed. 1976) Section 19; United States v. Johnston* (CA 1982) 690 F.2d 638, 643. The fundamental principle behind this prohibition is a recognition that any witness who takes the stand will have his or her credibility placed at issue. "As members of a profession in which public reliance and trust is so essential and whose members' integrity must be assured to maintain vital public respect, we as attorneys must recognize the importance of a high standard by which our conduct is measured. Even where there is no thought of or intent to do wrong, if our conduct appears to be unethical, we weaken that respect and trust just as surely as if we had

purposely violated a specific rule." *155 North High, Ltd., supra,* citing to *GAC Commercial Corp. v. Mahony Typographers, Inc.* (1975) 66 Mich. App. 186, 191, 238 NW 2d 575, 577.

The subjugation of an attorney witness to cross-examination taints the appearance of the proceedings as it subsumes all aspects of that attorney's representation to the question of fact being adjudged by the jury. If the attorney-witness credibility is questioned by the jury, he has prejudiced his client. If the attorney-witness is permitted to engage in cross-examination of an opponent, the proceedings all too readily denigrate to an "I said/you said" contest. The participation of the attorney-witness in the proceedings presents a conflict of interest in division of loyalties inasmuch as the attorney-witness has a vested interest in the establishment of his or his partner's credibility, which may be ancillary or even adverse to his client's best interests. The participation of the attorney-witness in the proceedings further becomes problematical in that the statements of counsel are not evidence in opening statements and closing arguments. However, the attorney-witness dilutes the distinction between the separate phases of the trial process. In the wisdom of courts across the country, and the Ohio Legislature in this jurisdiction, precluding the dual rule of attorney advocate witness is well-founded for the protection and security of the integrity of the system.

"The ultimate justification for the disqualification rule . . . [is] that the public might think that the lawyer is distorting the truth for the sake of his client. Another argument for disqualification is that the lawyer-witness will vouch for his own credibility in summing up to the jury - a powerful means of support for his own credibility. The argument that such tactic is to the detriment of his client obviously defeats itself. But the argument that it is unfair to the opponent has some merit. It is difficult, indeed, to cross-examine a witness who is also an adversary counsel concerning matters of fact, and, more particularly, on matters impeaching his credibility, within the bounds of propriety and courtesy owed to professional colleagues."

*BSW Development Group v. City of Dayton* (1995) 1995 US Dist. LEXIS 22183, Southern District of Ohio, Western Division, Case No. C-3-93-438.

Because application of the prohibition is not taken lightly, the circumstances where an attorney-witness may continue representation are spelled out in DR 5-101(B). None of those situations are present here.

>  (1) If the testimony will relate to an uncontested matter;
>
>  (2) if the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;
>
>  (3) if the testimony will relate solely to the nature and the value of legal services rendered in the case by the lawyer or the firm to the client; or
>
>  (4) as to any matter, if refusal would work a substantial hardship on the client because the distinctive value of the lawyer or the firm as counsel in a particular case.

DR5-101(B)(1)-(4).[3]

The first exception does not apply, because the testimony will relate to a contested matter. The plaintiffs contend that a settlement agreement was reached, and will offer testimony by Jason Blackford towards these ends. Assuming Mr. Phillips plans on testifying consistent with his client's answer to the complaint, it is anticipated that Mr. Phillips will deny the existence of the settlement agreement. Of course, if Mr. Phillips does not intend to testify in that manner, and concedes the settlement agreement was reached, then his testimony will be prejudicial to his client, which would also necessitate his withdrawal. Therefore it is fairly safe to assume in this situation that Mr. Phillips' proper testimony will relate to a contested matter.

The second exception does not apply because the subject of the testimony will not be a mere formality. Formality has generally been interpreted as authentication of exhibits or testimony regarding

---

[3] It should be noted that the attorney who intends to invoke one of these exceptions has the burden of proving that such exception applies. *155 North High, Ltd. v. Cincinnati Insurance Company, supra,* at 429-430.

some other administrative duty. This is not the case here, as Mr. Phillips' testimony will relate to the single most crucial question of fact at the heart of this case.

The third exception will not apply because Mr. Phillips' testimony will not relate solely to the nature and value of legal services rendered.

Finally, the fourth exception does not apply because disqualification of counsel would not work a substantial hardship on the client. In order to meet the "substantial hardship" exception, there must be a showing of special knowledge in order establish that attorney's distinctive value. "Distinctive value resulting in substantial hardship" requires more than a showing of mere financial hardship or longtime familiarity with the case. *155 North High, Ltd., supra,* at 429; *Mentor Lagoons, Inc. v. Teague* (1991) 71 Ohio App.3d 719; *Chaub v. Mentor Lagoons Marina* (May 25, 1990) Lake App. No. 89-L-14-054, unreported, 1990 WL71023, affirmed (1991) 60 Ohio St.3d 68; *In the Matter of Richardson v. Board of Revision of Cuyahoga County* (March 15, 1979) Cuy. App. Nos. 38566, 38567, 38569, 38570, unreported. The distinctiveness contemplated relates to such specialized knowledge as patent law, for example. *155 North High, Ltd., supra,* at 429, citing to *Warrilow v. Norell* (Tex. App. 1989) 791 SW 2d 515, 520, citing *Supreme Beef Processors, Inc. v. Am. Consumer Indus., Inc.* (N.D. Tex. 1977) 441 F. Supp. 1064, 1068-1069.[4] The *Warrilow* case involved an insurer's breach of good faith, fair dealing and failing to pay a claim, which the Court of Appeals found to be a relatively straight-forward matter not involving complex issues, and consequently not requiring the sort of expertise envisioned by DR5-101(B)(4). In *155 North High, Ltd. v. Cincinnati Insurance Company,* (1995) 72 Ohio St.3d 423, the parties were involved in a commercial insurance policy dispute relating to a fire loss claim. The attorney who sought to be an advocate witness had personal knowledge regarding the alleged acts of bad faith claims handling. He

---

[4]The Texas version of DR5-101(B)(4) is identical to Ohio's.

was an active participant in dealings and negotiations beginning shortly after the firing and continuing up to the time the lawsuit was filed. His testimony related to conversations and actions taken by the opponent insurance company. Thus, his testimony was necessary to prove his client's claims. Id. at 428. The Ohio Supreme Court noted that the attorney was aware this was not a sudden development, learning early on that he was likely to be a key witness. "Additionally, the situation became glaringly obvious after Cincinnati's company representatives were deposed, and the [attorney] knew that these representatives. . . could not recall several key events and discussions. By testifying. . .the lawyer was able to fill in gaps [in the testimony]. Moreover, [the attorney] directly contradicted other facts as testified to by the insurance representative." Id.

In analyzing the attorney-witness' involvement in *155 North High,* the Ohio Supreme Court set forth a two-step process for determining the disqualification of an attorney. The first step is to determine the admissibility of the testimony without reference to disciplinary rules. If the court finds the testimony admissible, the party or court may move for the attorney to withdraw or be disqualified and the court must then consider whether any of the exceptions to the disciplinary rules are applicable. Id. at 427-428. Applying that two-step test, the Ohio Supreme Court disqualified the attorney-witness because his testimony was admissible, and not withstanding his familiarity with the case in longstanding relation with the client in regard to this matter, he did not amount to an attorney providing a distinctive value. Id.

It is settled law that "it is inappropriate for an attorney to testify on behalf of a client as in doing so he may breach ethical requirements." *Mentor Lagoons, Inc. v. Rubin* (1987), 31 Ohio St. 3d 256, 257, 510 N.E.2d 379, 380. Accordingly, "when an attorney representing a litigant in a pending case requests permission or is called to testify in that case, the court shall first determine the admissibility of the attorney's testimony without reference to DR 5-102(A). If the court finds that the testimony is admissible, then that attorney, opposing counsel, or the court *sua sponte*, may make a motion requesting the attorney to

withdraw voluntarily or be disqualified by the court from further representation in the case." *Id.* at 260, 510 N.E.2d at 382.

Here, it is obvious, as a matter of law, that Mark Phillips, David Gibbs, Jr.'s counsel, ought to be called as a witness in this action. Mr. Phillips allegedly negotiated a settlement agreement with Plaintiff. Defendants have denied this allegation. Therefore, Mr. Phillips is a material witness who will inevitably be called to testify at trial on behalf of his client. Further, his testimony is admissible: as he was acting as an agent of Defendants while negotiating the settlement agreement, all of his statements to Plaintiff and his attorneys are not hearsay, as admissions of a party opponent, under R.Evid. 801(D)(2)(c), and are not privileged, as they were made to parties outside the attorney-client relationship.

In fact, Mr. Phillips is much like the counsel in *155 N. High, Ltd. v. Cincinnati Ins. Co.*, 72 Ohio St. 3d 423, 429-430, 650 N.E.2d 869, 874 (1995), who had engaged in negotiations and investigation of an insurance claim, and attempted to serve as a witness at trial on the issue of whether the insurance company had acted in bad faith, *while representing the insurance company as counsel* in the bad-faith action. The Supreme Court held that counsel who had negotiated previously "knew or ought to have realized his importance as a witness in the case," and held that the trial court had abused its discretion in allowing him to continue his representation. *See also Landzberg v. 10630 Berea Rd., Inc.*, 2002 Ohio App. LEXIS 1085, (disqualifying attorney who was also material witness to personal injury dispute); *Patrick v. Ressler*, 2001 Ohio App. LEXIS 4403, (disqualifying attorney representing limited-liability company in dispute between shareholders).

Mr. Phillips may also argue that his testimony is not necessary to his clients' counterclaims, and that he should be permitted to testify if subpoenaed by Plaintiff, pursuant to DR 5-102(B). *See Waliszewski v. Caranova Builders, Inc.*, 127 Ohio App. 3d 429, 713 N.E.2d 65 (1998) (allowing lawyer to testify when called by opposing party where testimony was not prejudicial to lawyer's client). However, Mr.

-8-

Phillips' testimony cannot be "nonprejudicial" as 5-102(B) requires. If he testifies that no settlement agreement was reached, in contravention to Mr. Blackford's testimony, then he must be cross-examined on this issue at trial, and his credibility is in dispute. This is exactly what DR 5-102(A) is designed to prevent: "An advocate who becomes a witness is in the unseemly and ineffective position of arguing his own credibility." *Mentor Lagoons, supra*, at 257, 510 N.E.2d at 380 (quoting Ohio Ethical Consideration 5-9). On the other hand, if Mr. Phillips testifies that he agreed to a settlement, in accordance with Mr. Blackford's testimony, but that he acted without authority from his client, he will be prejudicing his client's interests. Therefore, Mr. Phillips cannot claim that DR 5-102(B) allows him to testify if called by Plaintiff at trial.

Here, the integral involvement in the negotiations and settlement agreement clearly make Mr. Phillips' testimony admissible. Thus, the first step is met. Likewise, none of the exceptions apply, and therefore, the second step is met. Thus, it is absolutely clear that Mr. Phillips must be disqualified as counsel for David Gibbs, Jr.

The Sixth Circuit has held that a court need not conduct an evidentiary hearing on a motion to disqualify if the court does not need to resolve a factual dispute in order to rule on the motion. *General Mill Supply Co. v. SCA Services, Inc.* 697 F.2d 704 (6th Cir. 1982); *BSW Development Group v. City of Dayton, supra.* Therefore this matter is ripe for a determination by this court at the present time.

Because the disciplinary rules extend the disqualification of an attorney to his firm, Mr. Phillips' law firm must be disqualified, as well.

### III. CONCLUSION

Because Defendants' counsel is a material witness on a contested matter, whose testimony will be admissible in deciding this controversy, it is clear under Ohio law that Defendants' counsel must be

disqualified, and Defendants be required to retain a different firm, or represent themselves *pro se*.  This Court's ordering disqualification will not work a substantial hardship on Defendants, as new counsel can be acquainted with the case quickly, at this early stage, and new counsel will not be hampered by the ethical conflict that prevents Defendants' counsel and their firm from representing Defendants.

        Respectfully submitted,

        s/ Forrest A. Norman, III
        Gallagher, Sharp, Fulton & Norman
        Sixth Floor, Bulkley Building
        1501 Euclid Avenue
        Cleveland, Ohio 44115
        0059389
        Ph. (216) 241-5310
        e-mail: fnorman3@gsfn.com
        Attorney for Plaintiff

**Certificate of Service**

I hereby certify that on May 21, 2002, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                  s/ Forrest A. Norman, III
                                                  Gallagher, Sharp, Fulton & Norman
                                                  Sixth Floor, Bulkley Building
                                                  1501 Euclid Avenue
                                                  Cleveland, Ohio 44115
                                                  0059389
                                                  Ph. (216) 241-5310
                                                  e-mail: fnorman3@gsfn.com
                                                  Attorney for Plaintiff